Filed 9/24/20  P. v. Brown CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TOMMY BROWN,<br><br>      Defendant and Appellant. | A158561<br><br>(Alameda County<br>Super. Ct. No. 112261A) |

In 1993, a jury convicted defendant Tommy Brown of first degree murder and his co-defendant, Akil Cade, of second degree murder based on their participation in a fatal drive-by shooting.  The jury also found true the allegations that Brown and Cade each personally used a firearm during the offense.  Brown was sentenced to 29 years to life in prison.[1]

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which altered liability for murder under the theories of felony murder and natural and probable consequences.  The bill

---

[1] On its own motion, this court takes judicial notice of the April 2017 petition Brown filed in a related habeas proceeding, *In re Tommy Brown* (A151103).  (See Evid. Code, § 452, subd. (d).)  The record in this appeal is sparse, and we have drawn certain background facts, including the sentence, from the documents Brown attached to that petition.

1

also established a procedure, under newly enacted Penal Code[2] section 1170.95, for eligible defendants to petition for resentencing. Brown filed a petition for relief under that statute alleging that he was convicted of first degree felony murder at trial and could no longer be convicted of murder because of Senate Bill No. 1437's changes to the law. He also asked that counsel be appointed for him.

The trial court denied the petition without appointing counsel, concluding that Brown failed "to make a prima facie showing that he is entitled to relief" under section 1170.95, subdivision (c) (section 1170.95(c)). Specifically, based on the one-paragraph facts section of this division's opinion in Brown and Cade's direct appeal, the court concluded that the jury found Brown was "the actual killer."

On appeal, Brown claims that the trial court erred by summarily denying the petition without appointing counsel. We agree. Earlier this year, our state Supreme Court granted review to decide when the right to counsel arises under section 1170.95(c). (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 (*Lewis*).) We recently held, contrary to other Courts of Appeal to address the issue, that the right to counsel under section 1170.95(c) "attaches upon the filing of a facially sufficient petition that alleges entitlement to relief." (*People v. Cooper* (Sept. 1, 2020, A156880) __ Cal.App.5th __ [p. 1] (*Cooper*).) Brown's petition met this standard, and we cannot say that the error in failing to appoint counsel for him was harmless. As a result, we reverse.

---

[2] All further statutory references are to the Penal Code.

## I.
### FACTUAL AND PROCEDURAL
### BACKGROUND

In March 1992, Joseph Hughes was killed in a drive-by shooting in Oakland. Brown, who was 18 years old at the time of the killing, and Cade were charged with Hughes's murder, and it was also alleged that both men personally used a firearm during the offense.[3] The following year, a jury convicted Brown of first degree murder and Cade of second degree murder and found true the personal-use allegations. Brown was sentenced to a total term of 29 years to life in prison, composed of a term of 25 years to life for the murder and four years for the firearm use. This division affirmed both men's convictions in a nonpublished opinion. (*People v. Brown* (Oct. 6, 1994, A061870).)[4]

In August 2019, Brown filed a petition for resentencing under section 1170.95. Using a preprinted form, he checked boxes stating that a charging document had been filed against him allowing the prosecution to proceed under a felony murder theory or the natural and probable consequences doctrine; he was convicted at trial of first or second degree murder under a theory of felony murder or murder under the natural and probable consequences doctrine; and he could not now be convicted of murder in light of Senate Bill No. 1437's changes to the law. In addition, he checked boxes indicating that he was convicted of first degree felony murder and that he was not the actual killer, he did not aid and abet the actual killer with an intent to kill, and the victim was not a peace officer. Finally, he checked a

---

[3] The murder charge was brought under section 187, and the personal-use allegations were made under section 12022.5.

[4] We granted Brown's motion to augment the record with the 1994 opinion.

box stating, "I request that this court appoint counsel for me during this re-sentencing process."[5]

A month later, a different judge than the judge who sentenced Brown summarily denied the petition. Brown did not appear, and the trial court did not appoint counsel to represent him. The court took judicial notice of this division's 1994 opinion and "the court file," but the written order denying the petition did not identify any specific documents other than the opinion on which the court relied. Nor does the record before us contain any other court documents from the 1990's that were before the court when it ruled.[6]

After summarizing Senate Bill No. 1437's changes to the law, the trial court denied Brown's petition for "failure to make a prima facie showing that [Brown] is entitled to relief." Quoting from the 1994 appellate opinion, the court explained that relief was unavailable because Brown

> "was found to be the actual killer. (Pen. Code, § 189, subd. (e)(1).) A jury found [Brown] guilty of first-degree murder and returned a true finding on the personal gun use allegation in 1993. The appellate court affirmed the conviction and summarized the facts as follows: [¶] [']Joseph Hughes was the victim of a drive-by shooting. The prosecution presented evidence that Brown was the driver of the involved vehicle and that Cade was a passenger. Both men were armed, Brown with a 9 mm gun, and Cade with a .38 revolver. They drove up to the corner where Hughes stood, and started shooting.' "

---

[5] In conjunction with the petition, Brown filed a "request for notice and an opportunity to be heard" in which he argued that the trial court could not deny his facially sufficient petition without a hearing. He did not submit any documents from the record of conviction.

[6] Brown attached the jury's verdict form and one page of the reporter's transcript of his sentencing hearing to his notice of appeal.

## II.
### DISCUSSION

*A.	The Trial Court Erred by Failing to Appoint Counsel for Brown.*

Brown claims that his petition "satisfied the statutory threshold for triggering a court's mandatory dut[y] under subdivision[] (c) . . . of section 1170.95 to appoint counsel upon request." We agree the trial court erred by not appointing counsel before denying the petition.

"Effective January 1, 2019, Senate Bill [No.] 1437 amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433 (*Turner*).) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless he or she "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2," or the victim was a peace officer performing his or her duties. (§ 189, subds. (e) & (f).)

Senate Bill No. 1437 also enacted section 1170.95, which authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) As we explained in *Cooper*, "[t]he defendant initiates the process by filing a petition in the sentencing court that must include three pieces of information. (§ 1170.95, subd. (b).) First, the petition must include '[a] declaration by the petitioner that he or she is eligible for relief under this section, based on all

5

the requirements of subdivision (a).' (§ 1170.95, subd. (b)(1)(A).) Those requirements are (1) '[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine'; (2) '[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder'; and (3) '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a).) Second, the petition must include '[t]he superior court case number and year of the petitioner's conviction.' (§ 1170.95, subd. (b)(1)(B).) And finally, the petition must state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).)" (*Cooper*, *supra*, __ Cal.App.5th __ [p. 10].) "If a petition is missing any of these three pieces of information and the missing information 'cannot be readily ascertained by the [trial] court, the court may deny the petition without prejudice' to filing another petition that includes the required information. (§ 1170.95, subd. (b)(2).)" (*Ibid.*)

"Section 1170.95(c) addresses the procedure by which a trial court determines whether the petitioner is entitled to an evidentiary hearing. The subdivision provides in full: 'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served. These deadlines shall be extended for good

6

cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.' " (*Cooper*, *supra*, __ Cal.App.5th __ [p. 11].)

In *Cooper*, we broke with other Courts of Appeal to decide the issue and held that "the right to counsel attaches upon the filing of a facially sufficient petition that alleges entitlement to relief"—that is, a petition that includes all the information required under section 1170.95, subdivision (b). (*Cooper*, *supra*, __ Cal.App.5th __ [pp. 2, 10–11].)  Other decisions "interpreted section 1170.95(c) to require 'two prima facie showings':  first, under the first sentence of [section 1170.95(c)], 'that the petitioner falls within the provisions of this section,' and second, under the last sentence of that provision, that the petitioner is 'entitled to relief.' " (*Id.* at p. 14.)  These decisions determined that a petitioner has a right to counsel during only the second prima facie review.  (*Id.* at p. 16.)

We came to a different conclusion, explaining that, in our view, section 1170.95(c)'s first sentence is "a topic sentence summarizing the trial court's task before issuing an order to show cause, and the following sentences . . . specify the procedure in undertaking that task," meaning there is only one prima facie review before an order to show cause issues.  (*Cooper*, *supra*, __ Cal.App.5th __ [p. 16].)  Thus, once a petitioner files a facially sufficient petition requesting counsel, the court must appoint counsel before performing any review under section 1170.95(c).  (See *Cooper*, at p. 23.)  After the parties have had an opportunity to submit their response and reply to the petition, the court determines whether the petitioner has made a prima facie showing requiring an order to show cause.  (See *id.* at p. 16; § 1170.95(c).)

Under this procedure, the initial responsibility for reviewing the record of conviction "to investigate whether the record conclusively demonstrates the

7

petitioner's ineligibility for relief" falls to the prosecutor.  (*Cooper*, *supra*, __ Cal.App.5th __ [pp. 22–23 & fn. 9].)  Often, it will not be difficult for the prosecutor to determine that an evidentiary hearing will be required or, conversely, that the petition lacks merit, such as if the petitioner was not actually convicted of murder or no jury instructions on felony murder or natural and probable consequences were given.  (See *id.* at p. 21.)  In those cases, the prosecutor need submit only the relevant portions of the prior record of conviction with a brief explanation of why they decisively establish the petitioner's ineligibility for relief.  Upon such a showing by the prosecutor, the petitioner in his or her reply will unlikely be able to show that relief is warranted.  But if the petitioner can demonstrate a material factual dispute about his or her entitlement to relief, the trial court must issue an order to show cause and hold a hearing.  (See, e.g., *People v. Drayton* (2020) 47 Cal.App.5th 965, 981–983 [trial court erred by not issuing order to show cause where petitioner convicted of felony murder disputed whether he was major participant in underlying felony who acted with reckless disregard for human life].)

The parties' appellate briefing was complete before we issued *Cooper*. In addressing the right-to-counsel issue, the Attorney General "adopt[s] the reasoning of the court in *Lewis*," quoting that decision at length to argue that Brown was not entitled to counsel before the trial court denied his petition. For the reasons given in *Cooper*, however, we disagree with the reasoning of *Lewis* and other decisions to discern a two-part review process under section 1170.95(c).  (See generally *Cooper*, *supra*, __ Cal.App.5th __ [pp. 16–23].)  The Attorney General does not offer us any reason to reconsider our holding in *Cooper*, and we adhere to it pending the Supreme Court's decision of the right-to-counsel issue in *Lewis*.

Here, it is undisputed that Brown filed a facially sufficient petition that complied with the requirements of section 1170.95, subdivision (b). He made all the averments required under subdivision (a) of the statute. And although he failed to specify the year of his conviction as required, the trial court was able to "readily ascertain[]" the date—which it mentioned in its written order—and did not deny the petition without prejudice on the basis of this "missing information." (§ 1170.95, subds. (b)(1)(B), (b)(2).) As a result, under *Cooper*, the court erred by failing to appoint counsel for Brown before denying his petition for failure to make a prima facie showing of entitlement to relief.

B.     *The Failure to Appoint Counsel for Brown Requires Reversal.*

We next turn to whether the trial court's failure to appoint counsel for Brown was prejudicial. We conclude that it was, because "the record does not conclusively demonstrate that [Brown] was ineligible for relief as a matter of law." (*Cooper, supra*, __ Cal.App.5th __ [p. 23].)[7]

Although Brown does not directly address the issue of prejudice, he contends that the failure to appoint counsel was compounded by the trial court's reliance on materials outside the petition to deny it. According to him, "the trial court's finding that [he] was barred as a matter of law from obtaining relief, because the 1994 unpublished appellate opinion that affirmed his murder conviction suggested that he may have been the actual killer, contravenes the statutory scheme." The question whether a trial court

_____

[7] In *Cooper*, we declined to decide whether the harmlessness of an error in failing to appoint counsel under section 1170.95(c) is evaluated under the federal standard of *Chapman v. California* (1967) 386 U.S. 18, 24, or the state standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Cooper, supra*, __ Cal.App.5th __ [pp. 23–24].) Here, the Attorney General argues that the error was harmless under *Chapman*, but we conclude that it was prejudicial under both standards.

9

may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 is also pending before the Supreme Court in *Lewis*, but we need not decide whether a court may rely on a prior appellate opinion in a defendant's case to deny a petition without issuing an order to show cause. Even assuming that it may, neither the 1994 opinion nor anything else in our record supports the trial court's determination that Brown is ineligible for relief as a matter of law.

To begin with, the verdict itself does not conclusively establish that Brown falls into one of the categories disqualifying a defendant convicted of felony murder from relief under section 1170.95: being "the actual killer," aiding and abetting the actual killer "with the intent to kill," or being "a major participant in the underlying felony [who] acted with reckless indifference to human life." (§ 189, subd. (e).) The Attorney General contends that "given the jury's finding of first degree murder and its finding that [Brown] personally discharged a firearm in the commission of the offense, the jury found that [he] acted with the intent to kill and with malice aforethought." Not so. A conviction for first degree murder does *not* necessarily establish an intent to kill, or else those convicted of that crime before Senate Bill No. 1437 went into effect would never be eligible for relief. And Brown's personal *use*—not "discharge"—sentencing enhancement does not establish an intent to kill or malice aforethought either. (See *People v. Smit* (2014) 224 Cal.App.4th 977, 987 [" '[U]se' is not limited to the actual firing of a gun"].) Indeed, not even a jury's finding that a defendant personally and intentionally discharged a firearm causing death precludes relief under section 1170.95 as a matter of law. (*People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

10

We also cannot conclude from the 1994 opinion's recitation of the facts that Brown is ineligible for relief as a matter of law. The Attorney General claims that the opinion illustrates that "the jury found [Brown] guilty of murder based on evidence that he drove a car, got out of the car and, using a firearm, shot at the victim. [Citation.] Given these facts, the evidence supported the trial court's conclusion that [Brown] was the actual killer." But the opinion says that Brown and Cade *both* "started shooting," and nothing else in the opinion's facts section suggests that Brown and not Cade fired the fatal shots. We recognize that Cade was convicted of a lesser degree of murder, and it certainly may be that other parts of the record of conviction demonstrate the jury found Brown more culpable because of a reason rendering him ineligible for relief under section 1170.95. The 1994 opinion itself does not so demonstrate, however, and we do not know what other materials the trial court may have relied on to determine Brown was the actual killer. Because the possibility exists that Brown could make a prima facie showing of entitlement to relief were he permitted to file a reply, we are unable to say that the error in failing to appoint counsel to assist him was harmless. (See *Cooper*, *supra*, __ Cal.App.5th __ [pp. 23–24, 27].)

Although we conclude that reversal is required, we do not agree with Brown that the matter must be remanded with directions to the trial court to not only appoint counsel but also "issue an order to show cause" and "conduct a hearing to determine whether to vacate [his] murder conviction." As the Attorney General points out, the record contains no evidence aside from the claims in the petition itself that "the prosecution relied on either a theory of felony murder . . . or the natural and probable consequences doctrine" to convict. Thus, although Brown must be appointed counsel to enable him to "further develop[] the record to demonstrate potential entitlement to relief"

11

(*Cooper*, *supra*, __ Cal.App.5th __ [p. 27]), the prosecutor must also have the opportunity to demonstrate that Brown is not entitled to relief based on information that our record does not contain.

### III.
### DISPOSITION

The September 10, 2019 order denying Brown's petition for relief is reversed, and the matter is remanded for the trial court to appoint counsel for Brown and conduct further proceedings under section 1170.95 consistent with this opinion.

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.



_____

Sanchez, J.



*People v. Brown*  A158561

13